Requestor: Robert J. Ponzini, Esq., Village Attorney Village of Hastings-on-Hudson 14 North Broadway Tarrytown, N Y 10591
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have requested an opinion as to the propriety of actions by an alternate member of the village zoning board of appeals. You have described the facts as follows:
 "A property owner applied to the Village to build a house in the Village's View Preservation District. Such an application requires view preservation review, which consists of review and recommendations by the Planning Board and a decision by the Zoning Board of Appeals. When the application came before the Planning Board, a question was raised as to whether the lot on which the applicant sought to build had been properly created back in 1988. The Planning Board requested an opinion from the Village Attorney, who concluded that the lot had been properly created. (For other reasons, the Planning Board did not rule on the application, and the property owner withdrew it. The application, therefore, did not reach the Zoning Board of Appeals.)
 "While the application was pending before the Planning Board, the alternative Zoning Board of Appeals member, who was also a nearby property owner whose view would be affected by future development of the site, participated actively in the public discussion before the Planning Board and vigorously opposed the application.
 "In addition, another nearby property owner attempted to appeal to the Zoning Board of Appeals to review the Village Attorney's opinion. In her letter seeking review, she stated that she wrote the letter with `legal support provided by [the ZBA member].'"
It seems clear that the alternate member of the zoning board of appeals would have had to recuse herself from participating on this application if it reached the zoning board of appeals. By stating her opposition when the matter was before the planning board, she became unable to review impartially the matter as a member of the board of appeals. Indeed, here ownership of the property alone, depending upon the extent of her interest in the application, may have necessitated recusal.
As a general rule, members of quasi-judicial administrative agencies should not make public statements indicating disapproval or approval of an application which the agency is in the process of reviewing. Revised Opn. No. 93-6. Decisions should be made on the whole record and board members should not put themselves in the position of having to recuse themselves. This principle, however, does not apply in this case assuming that the alternate member of the zoning board of appeals had a personal interest in the application. Under these circumstances, it would not be inappropriate for the board member to make public statements and appear before the planning board concerning the application. As an affected property owner, she has the right to make statements in support of her property interests.
We conclude that a zoning board of appeals member who has a personal interest in an application resulting from her ownership of property in the municipality may appear before the planning board and make statements in opposition to the project.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.